# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL GOODLEY, | )<br>) |
| Plaintiff, | ) Case No. 2:20-cv-859<br>) |
| v. | )<br>) Magistrate Judge Patricia L. Dodge |
| WILLIAM NICKOLSON, DENICE SMYTH, BRUCE POKOL and BUREAU OF HEALTH CARE SERVICES, | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Defendant Denice Smyth has filed a Motion to Dismiss Plaintiff's Amended Complaint or, in the alternative, Motion for Summary Judgment (ECF No. 25). One of the arguments she makes in her Motion is that Plaintiff's claims against her should be dismissed because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The parties are hereby notified that Defendant's Motion (ECF No. 25) will be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 with respect to the issue of Plaintiff's exhaustion of administrative remedies. *See e.g., Breeland v. Baker*, 439 F. App'x 93, 94 (3d Cir. 2011) ("The District Court properly recognized that, in order to consider Adams's verification along with the other grievance-related documents, the court would have to convert Dr. Baker's Rule 12(b)(6) motion into one for summary judgment."); *see also Renchenski v. Williams*, 622 F.3d 315 (3d Cir. 2010) (district court must provide notice to pro se prisoners when converting a motion to dismiss into a motion for summary judgment).

Plaintiff is advised that in treating Defendant's Motion as a motion for summary judgment on the exhaustion issue, it will be evaluated under the standard set forth in Rule 56 of

1

the Federal Rules of Civil Procedure. In his response to Defendant's Motion, Plaintiff should respond to the argument that he failed to exhaust his administrative remedies. He should also respond to any additional arguments that Defendant raises in support of dismissal of Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

It is ORDERED that Plaintiff shall file his response to Defendant's Motion (ECF No. 25) in accordance with these instructions by **August 9, 2021**. Plaintiff is advised that, in his response to that portion of Defendants' Motion pertaining to the exhaustion issue, he may file an affidavit which has either been sworn to under oath (notarized) or include at the end of the affidavit, immediately before the signature, the following in accordance with 28 U.S. § 1746: "I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of ___, 20___." Affidavits that are not either notarized or contain a declaration under penalty of perjury as set forth above will not be considered when determining the motion for summary judgment. Plaintiff may attach to his affidavits copies of any institutional records or other documents he wishes this court to consider when addressing the summary judgment motion.

It is further ORDERED that, although no other formal discovery, such as interrogatories, requests for production or requests for admission will be allowed in this case at this time, no later than **July 20, 2021** Defendants shall provide to Plaintiff all grievances and appeals or other similar documents in their possession concerning the alleged incident or incidents at issue in the Amended Complaint if said documents exist and have not already been provided to Plaintiff.

So ORDERED this 13th day of July 2021.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge