## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRELL GOODLEY,                           )
                                           )
                  Plaintiff,                 )      Case No. 2:20-cv-859
                                           )
     v.                                   )      Magistrate Judge Patricia L. Dodge
                                           )
WILLIAM NICKOLSON, *et al.*,               )
                                           )
             Defendants.                  )

### <u>MEMORANDUM OPINION</u>[1]

Darrell Goodley ("Goodley"), a prisoner at the State Correctional Institution ("SCI") at Greene who is proceeding *pro se*, has brought a civil rights action pursuant to 42 U.S.C. § 1983 against defendants William Nickolson ("Nickolson"), Denice Smyth ("Smyth"), Bruce Pokol ("Pokol"), and the Bureau of Health Care Services ("BHCS") (collectively "Defendants"). Seeking injunctive relief and monetary damages, Goodley alleges that Defendants violated his Eighth Amendment rights by denying him curative treatment for his Hepatitis-C. (*Id.*) Pending before the Court is Defendant Smyth's motion to dismiss as well as a motion for judgment on the pleadings filed by Defendants Nickolson, Pokol, and BHCS ("DOC Defendants").

For the reasons below, both motions will be granted.

### I.   Relevant Procedural History

After his motion to proceed in forma pauperis was granted, Goodley's Amended Complaint (ECF No. 13), which is the operative pleading, was docketed in March 2021. All parties have consented to jurisdiction by a Magistrate Judge. After service of the Amended Complaint,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Thus, the undersigned has the authority to decide dispositive motions and enter final judgment.

defendants BHCS, Nickolson and Pokol filed an Answer (ECF No 20).  Defendant Smyth filed a Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment (ECF No. 25).  In the scheduling order regarding Smyth's motion (ECF No. 27), the Court notified the parties that Smyth's motion would be treated as a motion for summary judgment with respect to the issue of exhaustion of administrative remedies.[2]  Further, Goodley was advised about the nature of his response to the motion for summary judgment, including instructions regarding filing a responsive affidavit.  The Court also ordered Smyth to provide to Goodley all grievances and appeals or other similar documents in her possession concerning the alleged incident or incidents at issue in the Amended Complaint if these documents exist and were not already provided to him.

Thereafter, Defendants BHCS, Nickolson, and Pokol filed a Motion for Judgment on the Pleadings (ECF No. 28), in which they raised a number of issues, including the failure to exhaust administrative remedies.

The matters have been fully briefed and are ripe for disposition.[3]

## II.    Factual Background

Goodley alleges in the Amended Complaint that he is sixty years old and suffers from Hepatitis-C which was diagnosed over twenty years ago.  (ECF No. 13, Nature of Case ¶ 1; Facts in Support, ¶ 1.)  He asserts that Hepatitis-C is a chronic viral infection that, if untreated, can lead to cirrhosis and ultimately, death.  (*Id.*, Nature of Case ¶ 2.)  His conditions have worsened over the past five years and he suffers from chronic abdominal pain, blood in his stool, weight loss, and chronic fatigue.  (*Id.* ¶ 1.)

---

[2] As discussed herein, the Court ultimately concluded that it was not necessary to convert the motion to dismiss to a motion for summary judgment.

[3] Goodley separately responded to both motions. Given the similarity between the two motions regarding the exhaustion issue, the Court addresses them in one decision and will consider all of Goodley's submissions with respect to both motions.

According to Goodley, an antiviral drug presently exists that is 95% effective at curing Hepatitis-C. (ECF No. 13 ¶ 3.) Although he has made numerous requests to Defendants for access to this drug, all of his requests have been denied. (*Id.* ¶ 5.) He asserts that Defendants are on notice of the dangers of not treating prisoners who have Hepatitis-C but they are denying treatment despite knowing that he has a serious medical need. (*Id.* ¶¶ 4-6.) Goodley has sent letters to Smyth and Nicholson to make them aware of his need for treatment but his requests were denied. (*Id.*, Facts in Support, ¶¶ 1-6.)

Goodley alleges that he filed a grievance that was denied by Pokol and he has exhausted his appeals from the denial. (*Id.*, Facts in Support, ¶¶ 6-9.) The applicable grievance documents for the one grievance he filed, Grievance No. 839540, are attached to his Amended Complaint. (ECF No. 13-2.) In response to the question "State all relief that you are seeking," Goodley responded, "I would like to start my treatment ASAP and [be] treated no differently th[a]n any other inmate." (ECF No. 13-2 at 2.) He did not seek monetary damages in the grievance.

## III.    Legal Standard[4]

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Where, as here, the DOC Defendants' "motion for judgment on the pleadings [is] based on the defense that the plaintiff has failed to state a claim, [the motion] is analyzed under the same

---

[4] Although the Court advised Goodley that Defendant Smyth's motion would be converted into a motion for summary judgment given the question of exhaustion (*see* ECF No. 27), it is unnecessary to do so because Goodley attached his grievance documents to the Amended Complaint. Upon the Court's review, the exhibits Goodley submitted in response to Defendants' motions are virtually identical to those attached to his Amended Complaint. The only additions are an affidavit in which Goodley represents he exhausted all of his administrative remedies and an inmate request to a staff member dated April 1, 2017. Neither of these documents is dispositive to the exhaustion issue.

standards that apply to a Rule 12(b)(6) motion." *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017).  As a result, both motions can and will be analyzed under the Fed. R. Civ. P. 12(b)(6) legal standard.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  When "accept[ing] all of the complaint's well-pleaded facts as true," the court "may disregard any legal conclusions." *Id.* at 210-11.

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  In sum, the plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 12 (2014).

To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must take three steps: (1) outline the elements the plaintiff must plead to state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth;

(3) look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. *See, e.g.*, *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). The court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In deciding a motion for judgment on the pleadings, the Court considers only the allegations in the complaint, attached exhibits, and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). The Court may consider documents outside pleadings only if they are "integral to or explicitly relied upon in the complaint." *Id.* (quotation omitted). If the Court considers other matters, it must convert the motion to one for summary judgment under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(d). However, when a defendant moves to dismiss based on a failure-to-exhaust defense and "'the exhaustion issue turns on [ ] indisputably authentic documents related to [the inmate's] grievances,'" the Court "may consider those documents 'without converting [a motion to dismiss] to a motion for summary judgment.'" *Rinaldi*, 904 F.3d at 261 n.1 (quoting *Spruill*, 372 F.3d at 223). *See also Sledge v. Erie County Prison*, Civ. A. No. 1:20-cv-40, 2021 WL 2073798, at *6 n.5 (W.D. Pa. May 24, 2021). Goodley attached his grievance documents as exhibits to his Amended Complaint and they are indisputably authentic, so the Court is not required to convert the DOC Defendants' motion to a motion for summary judgment.

"[A] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to

liberally construe a pro se litigant's pleadings is well-established.").  Additionally, the Court must "apply the relevant legal principle even when the complaint has failed to name it."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).  Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim[,]" and "they cannot flout procedural rules— they must abide by the same rules that apply to all other litigants."  *Id.* at 245.

## IV.    Analysis

### A.   Goodley's Claim for Injunctive Relief

In his response to the motion for judgment on the pleadings, Goodley does not dispute that he is presently receiving antiviral medication to treat his Hepatitis-C.  (ECF No. 32 at 1, 4.) Moreover, he does not question the authenticity or accuracy of the medical records attached to the DOC Defendants' Answer that confirm Goodley is receiving treatment.  (ECF No. 20-1.)  Instead, he contends his receipt of this medication is evidence of Defendants' prior deliberate indifference. (*Id.*)  Thus, because Goodley is now receiving the treatment that he sought in his Amended Complaint, his request for injunctive relief is moot.  *See Bush v. Doe (I)*, 858 F. App'x 520, 522 n.3 (3d Cir. 2021) (finding the receipt of antiviral treatment to treat Hepatitis-C moots a claim for injunctive relief).

### B.   Goodley's Failure to Exhaust Administrative Remedies.

Defendants also contend that the dismissal of the remainder of Goodley's civil rights claim in which he seeks monetary damages is warranted because Goodley failed to exhaust his administrative remedies regarding this claim.

The Prison Litigation Reform Act ("PLRA") mandates that an inmate exhaust "such administrative remedies as are available" before bringing a suit challenging prison conditions.  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion is a "non-jurisdictional prerequisite to an inmate bringing suit" and when raised by a defendant it constitutes a threshold issue to be addressed by the court. *See, e.g., Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018).

The Supreme Court has repeatedly observed that the PLRA's exhaustion requirement "is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross v. Blake*, 578 U.S. 632, 638 (2016) (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) and *Jones v. Bock*, 549 U.S. 199, 211 (2007)).  Exhaustion is mandatory under the PLRA regardless of the type of relief sought and the type of relief available through administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Courts are not given discretion to decide whether exhaustion should be excused, *Ross*, 578 U.S. 639, and there is no exception to the exhaustion requirement based on "futility."  *Ahmed v. Dragovich*, 297 F.3d 201, 206 (3d Cir. 2002) (citations omitted).

The PLRA's mandatory exhaustion requirement means not only that a complaint filed before administrative remedies are exhausted is premature and cannot be entertained  but also that failure to exhaust administrative remedies in accordance with a prison's grievance procedures constitutes procedural default.  *Woodford*, 548 U.S. at 93-95; *see also Spruill v. Gillis*, 372 F.3d 218, 227-30 (3d Cir. 2004).  That is because "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93; *Spruill*, 372 F.3d. at 227-30.

The prison's grievance policy is what "define[s] the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218; *Spruill*, 372 F.3d at 230-31 ("prison grievance procedures supply the yardstick for measuring procedural default").  Thus, the procedural requirements for exhaustion in

a given case "are drawn from the polices of the prison in question rather than from any free-standing federal law." *Shifflett v. Korszniak*, 934 F.3d 356, 364 (3d Cir. 2019) (citing *Spruill*, 372 F.3d at 231).

The DOC has an official Inmate Grievance System that governs the grievance and appeals process in Pennsylvania correctional institutions. *See* 37 Pa. Code § 93.9. The Inmate Grievance System is set forth in DC-ADM 804 and "is intended to deal with a wide range of issues, procedures, or events that may be of concern to an inmate." DC-ADM 804, § 1(A)(2).

DC-ADM 804 sets forth a three-tier administrative remedy system. A prisoner is required to present his grievance to the Facility Grievance Coordinator for initial review. *Id.* § 1(A)(5). The prisoner must appeal an adverse determination by the Facility Grievance Coordinator to the Facility Manager. *Id.* § 2(A). From there, the prisoner must appeal to SOIGA for appeal to final review. *Id.* § 2(B). Here, the documents submitted by the parties confirm that Goodley complied with these requirements.

At the same time, the prison's grievance policy is what "define[s] the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218; *Spruill*, 372 F.3d at 230-31. There are several requirements to filing a proper grievance in accordance with DC-ADM 804. Relevant here, DC-ADM 804 requires:

> The text of the grievance must be legible, understandable, and presented in a courteous manner. The inmate must include a statement of the facts relevant to the claim.
> a.   The statement of facts shall include the date, approximate time, and location of the event(s) that gave rise to the grievance.
> b.   The inmate shall identify individuals directly involved in the event(s).
> c.   The inmate shall specifically state any claims he/she wishes to make concerning violations of Department directives, regulations, court orders, or other law.
> d.   **If the inmate desires compensation or other legal relief normally available from a court, the inmate must request the specific relief sought in his/her initial grievance.**

*Id.* § 1(A)(11) (emphasis added).

Defendants argue that Goodley procedurally defaulted his civil rights claim for monetary relief because he did not request monetary damages in Grievance No. 839540, the only grievance he submitted.  They are correct.

As noted above, DC-ADM 804 § 1(A)(11)(d) requires that "[i]f the inmate desires compensation or other legal relief normally available from a court, the inmate must request the specific relief sought in his/her initial grievance."  Courts within the Third Circuit have held that given the mandatory nature of the language in DC-ADM 804 § 1(A)(11)(d), an inmate procedurally defaults a claim for monetary relief if he did not seek that relief in his grievance.  *See, e.g., Wright v. Sauers*, 729 F. App'x 225, 227 (3d Cir. 2018) (affirming the district court's grant of summary judgment for defendant on plaintiff's excessive force claim because plaintiff failed to request monetary relief in his initial grievance) (citing *Spruill*, 372 F.3d at 233-35); *Taylor v. Chesmer*, Civ. A. No. 2:18-cv-1579, 2020 WL 5366055 (W.D. Pa. Sept. 8, 2020) (plaintiff's request for monetary relief barred because he did not request that relief in his grievance); *Cunningham v. Zubsic*, Civ. A. No. 1:16-cv-127, 2019 WL 134209, *5 (W.D. Pa. Jan. 8, 2019) (same); *Camacho v. Beers*, No. 2:16-cv-1644, 2018 WL 6618410, *3 (W.D. Pa. Dec. 18, 2018) (holding that, because "[p]laintiff failed to request the specific relief of monetary compensation in the grievances he filed as to the subjects of this lawsuit . . . he did not exhaust all administrative remedies with regard to such claims . . . [and] may not pursue an action in federal court based on the claims raised in his procedurally defective grievances").

Here, Goodley did not request monetary damages despite the clear language of DC-ADM 804.  *See* DC-ADM 804 § 1(A)(11)(d) (emphasis added).  *See generally Vo v. Wetzel*, Civ. A. No. 1:19-cv-00084-RAL, 2021 WL 6197743, at *6 (W.D. Pa. Dec. 31, 2021).  To the extent, Goodley

continues to maintain he was not required to do so, the Court also notes the form he completed, Form DC-804, clearly made this requirement known as it reads, "State *all* relief you are seeking."[5] (ECF No. 13-2 at 2) (emphasis added).  Because Goodley sought injunctive relief and did not ask for monetary damages, his claim for monetary damages is procedurally defaulted, requiring its dismissal.[6]

## V.    Leave to Amend

When dismissing a civil rights case for failure to state a claim, a court must give a plaintiff a chance to amend a deficient complaint, irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).  "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alston v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

For the reasons discussed, amendment would be futile as Goodley cannot cure his procedural default and his claim for injunctive relief is moot because he is now receiving the medical treatment he sought.  Therefore, leave to amend will not be granted.

## VI.    Conclusion

For these reasons, the DOC Defendants' motion for judgment on the pleadings and Defendant Smyth's motion to dismiss will be granted and dismissal will be with prejudice.

---

[5] Goodley argues that DC-ADM 804's use of "shall" rather than "must" means he was not required to exhaust his claim for monetary damages.  As the quoted language above indicates, DC-ADM 804 actually uses "must."  Regardless, both words have a similar mandatory meaning.

[6] As dismissal of the Amended Complaint is warranted based on the procedural default of Goodley's claim for monetary damages and the mootness of his request for injunctive relief, the Court will not address the other arguments raised by Defendants.

An appropriate order will follow.


                                        BY THE COURT:


Dated: January 20, 2022                 s/Patricia L. Dodge
                                        PATRICIA L. DODGE
                                        United States Magistrate Judge